784 A.2d 746

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. JUAN BRITO, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
IVAN R. MAYES, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. SEAN TIGUE, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 23, 2001—Decided November 21, 2001.

Before Judges PRESSLER, WEFING and PARRILLO.

*Fred J. Theemling, Jr.*, Hudson County Prosecutor, attorney for appellant (*Tracey McQuaide*, Assistant Prosecutor, on the brief).

*Jonathan Goodman*, attorney for respondent Juan Brito, did not file a brief.

*Lorane L. Posner*, attorney for respondent Ivan R. Mayes.

*Sean Tigue*, respondent pro se, did not file a brief.

The opinion of the court was delivered by

WEFING, J.A.D.

These three matters were calendared separately before us. Each appeal, however, presents the identical issue and we therefore consolidate them for purposes of this opinion.

*State v. Brito* is illustrative. In that matter, Jacquelin Brito obtained a final restraining order on September 20, 2000 against defendant Juan Brito under the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 to –35. On October 17, 2000, Ms. Brito signed a complaint charging defendant with contempt of court under *N.J.S.A.* 2C:29–9 for having violated the terms of that restraining order. The complaint contains a handwritten notation, evidently entered on November 11, 2000, that the matter was being referred to Family Court. On December 11, 2000, the trial

court entered an "arraignment order" setting a cash bail of $250 and directing that defendant and Ms. Brito appear on January 9, 2001. Defendant appeared, represented by counsel, but Ms. Brito did not. The trial court entered an order directing a status conference be held at 1:30 p.m. on February 13, 2001. The order contains handwritten additions indicating that the matter would be dismissed if Ms. Brito did not appear on February 13, but also indicating that she had moved; mail directed to her had been returned and there was no forwarding address. Ms. Brito did not appear on February 13, and the trial court subsequently dismissed the complaint.

The trial court followed similar procedures in the companion cases. Defendant in each matter was charged with contempt of court for violating a domestic violence restraining order. Each matter was dismissed when the respective complainant failed to appear for a scheduled status conference. The State has appealed from those dismissals, arguing that the trial court has no authority to condition the prosecution of these matters on the willingness or ability of the complaining party to appear for routine status conferences. We agree, and reverse and remand for further proceedings.

We note at the outset that the trial court's dismissals were, in no sense, a disposition on the merits of the charges against these defendants. They were dismissals on procedural grounds only. The State is, therefore, entitled to appeal. *State v. Barnes,* 84 *N.J.* 362, 420 *A.*2d 303 (1980); *R.* 2:3–1.

It is apparent to us, having reviewed the records in these matters, that the trial court was operating under a misapprehension as to the nature of the proceedings before it. We note, for instance, that the trial court continually referred to the complainant as a "plaintiff." While that would be true in the context of the original domestic violence filings between the parties, the matters had proceeded to another level. There had already been an adjudication that the complainant was entitled to the protection of a domestic violence order, and each of these defendants had been

charged with contempt for violating orders entered by the Superior Court of New Jersey. Such proceedings have two objectives: protection of the victim, and vindication of the authority of the court. Thus, the State is the party in interest, not the complainant.

The trial court, in support of its dismissals, referred to speedy trial principles. Such principles, however, are wholly insufficient to justify these dismissals. In *Brito* and *Mayes,* for instance, the trial court dismissed the matters only four months after the complaints were filed. And in *Tigue,* the matter was dismissed less than two months after the complaint for contempt had been filed.

There is undoubtedly a need for a court to insure that matters are handled swiftly. Defendants are entitled to a prompt disposition to prevent meritless complaints being held over their heads. Even recognizing those worthy principles, however, we cannot countenance these dismissals.

The orders under review are reversed and the matters are remanded for further proceedings in accordance with this opinion.