**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5742-14T2

J.S.,

        Plaintiff-Respondent,

   v.

D.S.,

        Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

December 5, 2016

APPELLATE DIVISION

Submitted September 20, 2016 — Decided December 5, 2016

Before Judges Fisher, Ostrer and Leone.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FV-01-1361-15.

Adinolfi and Lieberman, P.A., attorneys for appellant (Ronald G. Lieberman, of counsel and on the brief).

Marc J. Nehmad, attorney for respondent.

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, defendant argues a domestic violence final restraining order (FRO) was void upon entry because the judge did not find the occurrence of an act of domestic violence. A few days before the scheduled date for oral argument, the parties advised us that they had agreed to dismiss this appeal

and allow for the perpetuation of the FRO. Notwithstanding their agreement, the interests of justice require a disposition of the appeal's merits.

The underlying circumstances may be briefly summarized. Plaintiff filed a complaint, pursuant to the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35, and obtained a temporary restraining order against defendant, her husband. At the final hearing, counsel advised the trial judge that the parties had reached an agreement, which called for defendant's consent to an FRO in exchange for plaintiff's consent to defendant's exclusive possession of the marital home pending further order in the matrimonial proceedings. The parties were then sworn, and the judge briefly asked whether they understood and voluntarily consented to the agreement. The judge neither asked plaintiff to describe the alleged act of domestic violence nor asked defendant to acknowledge he committed an act of domestic violence. Satisfied the agreement was voluntarily reached, the judge entered the FRO in question.

Defendant filed a timely appeal, arguing, among other things, that the judge mistakenly issued the FRO without taking testimony about the allegations, without finding an act of domestic violence occurred, and without determining plaintiff required protection from defendant. See, e.g., State v. D.G.M., 439 N.J. Super. 630, 635 (App. Div. 2015).

Prior to the scheduled date for oral argument in this court, the parties submitted a stipulation of dismissal. In light of the issues posed by this appeal, we requested greater detail about their settlement and were advised by counsel that the parties had resolved their matrimonial disputes and defendant had consented to a dismissal of the appeal to allow the FRO to "remain in full effect." In response, we alerted the parties to our concern about leaving an FRO in effect without considering the argument it was void ab initio. The parties were invited to file a motion arguing that we should dismiss the appeal without deciding the appeal's merits. The parties were also told that if a motion was not filed by October 28, 2016, we would consider ruling on the appeal's merits. No motion was filed.

We do not lightly disregard private parties' desire to cease litigating their disputes. Our courts often say that "[s]ettlement of litigation ranks high in our public policy." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div.), certif. denied, 35 N.J. 61 (1961)). But, as we recently observed in A.M.C. v. P.B., __ N.J. Super. __, __ (App. Div. 2016) (slip op. at 30), the judiciary possesses "an independent duty" to remediate any "systematic failures" in the implementation of the Act. In

short, in domestic violence matters, judges are more than mere referees. Cf. State v. Garron, 177 N.J. 147, 180 (2003).

For example, it is not uncommon for domestic violence plaintiffs to seek dismissal of their actions either before or after entry of an FRO. In those instances, the Act obligates a trial court to examine the plaintiff's reasons for seeking dismissal by conducting a searching inquiry into the plaintiff's understanding of the consequences for the purpose of ascertaining whether, among many other things,[1] the plaintiff has knowingly and freely sought dismissal. See Kanaszka v. Kunen, 313 N.J. Super. 600, 605 (App. Div. 1998). As part of this inquiry, courts must ensure dismissal is not part of an impermissible swap of promises. See Domestic Violence Manual, supra, § 4.19.7 (prohibiting "conditional dismissals" — i.e., a dismissal conditioned upon "either party performing any specific act or upon the occurrence of any particular event" — regardless of the agreement of the parties).[2] Public policy precludes the

---

[1] The New Jersey Domestic Violence Procedures Manual, adopted by our Supreme Court and the Attorney General in 1991, provides an extensive discussion about the inquiry that should be made by the court and its personnel in considering a plaintiff's request for a dismissal of the action. See N.J. Domestic Violence Procedures Manual, § 4.19 (amended 2008).

[2] We do not have before us the propriety of a dismissal of a domestic violence complaint when conditioned upon entry of civil restraints in a matrimonial action. See Domestic Violence Manual, supra, § 4.19.2.

entry, continuation, or dismissal of an FRO as a bargaining chip in the settlement of other disputes. Consequently, our appellate courts must also be wary of settlements in such matters.

We are also mindful that the Act imposes considerable obligations on law enforcement and that an FRO is not merely an injunction entered in favor of one private litigant against the other. See State v. Brito, 345 N.J. Super. 228, 231 (App. Div. 2001) (recognizing that, in a prosecution for contempt of an FRO, "the State is the party in interest, not the complainant"). A violation of an FRO has a tendency to trigger law enforcement involvement and may ultimately lead to criminal prosecution. And the entry of an FRO imposes continuing obligations upon the Judiciary, which is required by the Act to "establish and maintain a central registry of all persons who have had domestic violence restraining orders entered against them." N.J.S.A. 2C:25-34. The potential in such matter for the future involvement of the courts, law enforcement, and prosecutors, counsels against blithely acceding to the perpetuation of a groundless FRO.

For these reasons, we are compelled in this unusual circumstance to ignore the parties' stipulation of dismissal and settlement agreement. In considering the appeal on its merits, we are not exercising a roving jurisdiction to right wrongs the

parties have no interest in vindicating. And, in so proceeding, we do not extend our reach beyond what is reasonably before us. We have subject matter jurisdiction because defendant filed an appeal; whether we should dismiss the appeal prior to adjudication on the parties' joint request lies within our sound discretion. <u>Rule</u> 2:8-2 declares that, "upon the filing of a stipulation by the parties agreeing thereto," the court "may" — not must — dismiss the appeal. Accordingly, we are not required to dismiss the appeal. <u>See</u>, <u>e.g.</u>, <u>Leeds v. Harrison</u>, 9 <u>N.J.</u> 202, 213 (1952) (recognizing "'[m]ay' is a permissive and not an imperative verb"). In light of the strong public policies underlying the Act, we choose to exercise our discretion to consider the appeal on its merits. We have an obligation to ensure the FRO was legitimately entered and should not permit its wrongful perpetuation simply because it may have become a useful chip in the settlement of the parties' matrimonial disputes.

Having rejected the parties' request that we dismiss the appeal and having resolved to consider the merits of this appeal, we agree with what defendant previously argued: the FRO can no longer stand. A domestic violence final restraining order may not be entered by consent or without a factual foundation. <u>See</u> <u>Franklin v. Sloskey</u>, 385 <u>N.J. Super.</u> 534, 540-41 (App. Div.

2006).[3] Because the trial judge mistakenly failed to elicit a factual foundation, failed to find domestic violence occurred, and failed to determine whether plaintiff required protection as a result of defendant's conduct, we vacate the FRO.

The FRO is vacated, the TRO is reinstated, and the matter remanded for a final hearing in conformity with this opinion.[4] We do not retain jurisdiction.[5]

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We do not mean to suggest every domestic violence action must be tried to a conclusion or that a defendant may not accede to relief sought by a plaintiff. Nothing prevents a defendant from declining to defend against such an action or from acknowledging under oath the commission of an act of domestic violence. The consequences, however, are too serious to permit entry of an FRO merely by consent. Before entering an FRO, a court must ensure there exists an adequate factual foundation and that the defendant understands the consequences of the decision not to contest the matter. A court must also find that the FRO is necessary "to protect the plaintiff from an immediate danger or to prevent further abuse." Silver v. Silver, 387 N.J. Super. 112, 127 (App. Div. 2006).

[4] We reject defendant's contention that the matter be handled by a different judge.

[5] The continuation of the FRO was part of the parties' global settlement of their matrimonial disputes. We express no view about the effect of today's decision on their settlement agreement.