**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3485-16T1

C.J.,

    Plaintiff-Respondent,

v.

J.S.,

    Defendant-Appellant.

_____

        Submitted May 7, 2018 — Decided July 5, 2018

        Before Judges O'Connor and Vernoia.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Essex County,
        Docket No. FV-07-2872-15.

        Garrity, Graham, Murphy, Garofalo & Flinn, PC,
        attorneys for appellant (Francis X. Garrity,
        on the brief).

        Respondent has not filed a brief.

PER CURIAM

    Defendant J.S. appeals from a Family Part order denying his motion to delete his name from the Domestic Violence Central Registry (Registry). Having considered the record and defendant's arguments under the applicable legal principles, we affirm.

The pertinent facts are not disputed. In April 2015, plaintiff C.J. filed a complaint alleging defendant committed the offenses of assault and criminal restraint against her, and seeking entry of a domestic violence restraining order pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. The court entered a temporary domestic violence restraining order against defendant.

Following a hearing, the court denied plaintiff's request for a final domestic violence restraining order (FRO). Less than a week later, the court granted plaintiff's request for reinstatement of the temporary domestic violence restraining order. The court then conducted a hearing, determined defendant committed an act of domestic violence as defined by the PDVA, N.J.S.A. 2C:25-19(a),[1] and issued an FRO against defendant. Defendant appealed.

While defendant's appeal was pending, plaintiff requested dismissal of the complaint and FRO. On November 5, 2015, the trial court granted plaintiff's request and entered an order vacating the FRO and dismissing the complaint.

---

[1] The court determined defendant assaulted plaintiff. See N.J.S.A. 2C:25-19(a)(2) and N.J.S.A. 2C:12-1.

Defendant then moved to dismiss his appeal, claiming it was moot because the FRO had been vacated and the complaint was dismissed. He also moved for an order deleting his name from the Registry. We entered an order granting defendant's motion to dismiss his appeal as moot, and remanded the matter for the trial court to consider defendant's motion to delete his name from the Registry.

In support of his motion before the remand court, defendant submitted a certification claiming his name should be removed from the Registry because dismissal of the complaint rendered the court's findings he violated the PDVA a "nullity," and made it as though the complaint "never existed." After hearing argument from defendant's counsel,[2] the court found dismissal of the complaint did not "completely erase the finding of domestic violence that was originally made by the [c]ourt," and "[t]he finding of domestic violence remains a part of the [c]ourt's record . . . ." The court determined N.J.S.A. 2C:35-34 required the Administrative Office of the Courts to "establish and maintain a central registry of all persons who have had domestic violence restraining orders entered against them," and there was no statutory authority permitting expungement of defendant's information from the

---

[2] Plaintiff did not participate in the proceeding before the remand court and has not participated in this appeal.

Registry. The court concluded defendant was not entitled to the requested deletion of his name from the Registry, and entered an order denying his motion. This appeal followed.

On appeal, defendant makes the following arguments:

POINT ONE

The Trial Court Erred in Denying Defendant's Motion to Have His Name Removed from the Domestic Violence Central Registry.

A. [The trial court's] denial of defendant's application to have his name removed from the Domestic Violence Central Registry denied defendant the right to due process.

B. [The trial court's] ruling failed to recognize that the Order vacating the Final Restraining Order removed the statutory prerequisite for placing a person on the Central Registry in the first place.

II.

An FRO "is not merely an injunction entered in favor of one private litigant against the other." J.S. v. D.S., 448 N.J. Super. 17, 22 (App. Div. 2016) (citation omitted). Courts "have consistently recognized that the issuance of an FRO 'has serious consequences to the personal and professional lives of those who are found guilty of what the Legislature has characterized as a serious crime against society.'" Franklin v. Sloskey, 385 N.J. Super. 534, 541 (App. Div. 2006) (quoting Bresocnik v. Gallegos, 367 N.J. Super. 178, 181 (App. Div. 2004)); see also N.J.S.A.

2C:25-18. "Once a final restraining order is entered, a defendant is subject to fingerprinting, N.J.S.A. 53:1-15, and the Administrative Office of the Courts [AOC] maintains a central registry of all persons who have had domestic violence restraining orders entered against them, N.J.S.A. 2C:25-34." Sloskey, 385 N.J. Super. at 541 (quoting Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005)); see also D.N. v. K.M., 216 N.J. 587, 593 (2014) (Albin, J., dissenting) (cataloging the consequences under N.J.S.A. 2C:25-29(b) resulting from entry of a domestic violence FRO).

Entry of an FRO also "imposes continuing obligations upon the Judiciary[.]" J.S., 448 N.J. Super. at 22. N.J.S.A. 2C:25-34 requires the Administrative Office of the Courts to

> establish and maintain a central registry of all persons who have had domestic violence restraining orders entered against them, all persons who have been charged with a crime or offense involving domestic violence, and all persons who have been charged with a violation of a court order involving domestic violence.
>
> [(Emphasis added).]

"[T]he Legislature did not intend that every [FRO] . . . would be forever etched in judicial stone." A.B. v. L.M., 289 N.J. Super. 125, 128 (App. Div. 1996). "[I]t is not uncommon for domestic violence plaintiffs to seek dismissal of their actions either before or after entry of an FRO." J.S., 448 N.J. Super.

at 21.  The PDVA provides that "[u]pon good cause shown, any final order may be <u>dissolved or modified</u> upon application" to the same Family Part judge who issued the order or to one with access to "a complete record of the hearing or hearings on which the order was based."  N.J.S.A. 2C:25-29(d) (emphasis added); <u>see also</u> <u>G.M. v. C.V.</u>, 453 N.J. Super. 1, 12 (App. Div. 2018); <u>T.M.S. v. W.C.P.</u>, 450 N.J. Super. 499, 502 (App. Div. 2017); <u>Mann v. Mann</u>, 270 N.J. Super. 269, 274 (App. Div. 1993); <u>Carfagno v. Carfagno</u>, 288 N.J. Super. 424, 433-34 (Ch. Div. 1995).

Defendant argues he is entitled to the removal of his name from the Registry because the FRO was "vacated."  He contends the court's vacation of the FRO eliminated the sole basis supporting his inclusion in the Registry and, as a result, he is entitled to his name's removal.  We are not persuaded.

An appellate court's primary purpose in construing a statute is to "discern the meaning and intent of the Legislature."  <u>State v. Gandhi</u>, 201 N.J. 161, 176 (2010).  "There is no more persuasive evidence of legislative intent than the words by which the Legislature undertook to express its purpose; therefore, we first look to the plain language of the statute."  <u>Perez v. Zagami, LLC</u>, 218 N.J. 202, 209-10 (2014).  "We ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as

a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (internal citation omitted). When the statutory language "clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." McCann v. Clerk of Jersey City, 167 N.J. 311, 320 (2001) (quoting SASCO 1997 NI, LLC v. Zudkewich, 166 N.J. 579, 586 (2001)).

The plain language of N.J.S.A. 2C:25-34 does not require or permit the removal of defendant's name from the Registry. The statute does not limit its application to defendants with active FRO's. See N.J.S.A. 2C:35-34. To the contrary, N.J.S.A. 2C:25-34 expressly requires maintenance of "a central registry of <u>all persons who have had</u> domestic violence restraining orders entered against them[.]"[3] (Emphasis added).

Indeed, the Legislature provided for the dissolution of FRO's, N.J.S.A. 2C:25-29(d), and thus understood FRO's would be entered and later dissolved. See Berg v. Christie, 225 N.J. 245, 284 (2016) (alteration in original) (quoting Mahwah Twp. v. Bergen Cty. Bd. of Taxation, 98 N.J. 268, 279 (1985) ("The Legislature is presumed to have been aware of existing legislation[.]"). The

_____

[3] N.J.S.A. 2C:25-34 similarly requires entry in the Registry for "all persons who <u>have been charged</u> with a crime or offense involving domestic violence, and all persons who <u>have been charged</u> with a violation of a court order involving domestic violence[.]" (Emphasis added).

Legislature did not provide for the removal of a defendant's name from the Registry following the dissolution of an FRO. Thus, under N.J.S.A. 2C:25-34's plain language, defendant must be included in the Registry — he is a "person who [has] had" an FRO entered against him. Defendant's designation in the Registry, however, will show that the FRO was dismissed.[4]

Defendant seeks refuge from N.J.S.A. 2C:25-34's plain language by asserting the court's use of the term "vacated" in the order dissolving the FRO should be interpreted as a declaration that the court's prior finding he committed an act of domestic violence is a nullity. This argument is untethered to a citation to any legal authority, and we find no support in the law or the

---

[4] The State of New Jersey Domestic Violence Procedures Manual (the manual) (Oct. 9, 2008), was adopted by the Supreme Court to implement the PDVA, and "is intended to provide procedural and operational guidance for two groups with responsibility for handling domestic violence complaints in the state of New Jersey-judges and Judicial staff and law enforcement personnel." T.M.S., 450 N.J. Super. at 504 (quoting State of N.J. Domestic Violence Procedures Manual, at i). The manual requires different coding in the Registry for defendants with active FRO's and those for whom FROs have been dismissed. See State of N.J. Domestic Violence Procedures Manual, app. 22 at 26 (reprinting the June 2008 New Jersey Family Automated Case Tracking System DVCR Inquiry Guide). The manual requires that defendants with active FRO's be coded in the Registry as "ACTIVE/FRO Final restraining order in effect," and those defendants whose FRO's have been dismissed must be coded in the Registry as "DISMISSED No restraining order in effect." Ibid. The manual may be accessed at https://www.judiciary.state.nj.us/courts/assets/family/dvprcman.pdf.

A-3485-16T1

record for the contention. The order vacating the FRO constituted nothing more than a declaration the FRO was no longer effective. See N.J.S.A. 2C:25-29(d) (authorizing the dissolution of an FRO). The record is bereft of any evidence that the court's vacation of the FRO constituted a determination that the findings supporting the issuance of the FRO were a nullity.[5] We reject defendant's argument to the contrary.

Defendant's contention he is entitled to removal from the Registry is tantamount to a request for an expungement of the Registry record showing an FRO was issued against him. However, as our Supreme Court found in Shah v. Shah, 184 N.J. 125, 140 (2005), "a final restraining order may well have severe collateral consequences, including registration in a central registry," but "registration . . . is not subject to expungement." See also In re M.D.Z., 286 N.J. Super. 82, 87 (App. Div. 1995) (holding that the expungement statute does not extend to domestic violence complaints, including those in which the victim seeks restraints).

---

[5] We do not address defendant's argument, founded on unpublished cases, that a defendant is entitled to removal from the Registry following a determination on appeal that an FRO should not have been entered in the first instance. See R. 1:36-3. This case does not involve a circumstance where a defendant requests removal from the Registry following the reversal of an FRO because there was insufficient evidence supporting the FRO's issuance.

In sum, we find no merit in defendant's contention that the order vacating the FRO required the removal of his name from the Registry. His inclusion in the Registry is mandated because, although the FRO has been vacated, he is an individual who has had an FRO entered against him. N.J.S.A. 2C:25-34.

                              III.

Defendant claims he was denied procedural due process because his appeal from the FRO was dismissed as moot, and he was therefore precluded from challenging the sufficiency of the evidence supporting the determination plaintiff was entitled to the FRO. He contends that if his appeal had been successful, his name would have been removed from the Registry. He also asserts that maintenance of his name in the Registry will damage his reputation and interfere with his ability to obtain employment with law enforcement agencies.

Defendant's procedural due process argument is without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Nonetheless, we add the following comments.

Procedural due process is founded on "the fundamental notion that litigants are entitled to notice and a meaningful opportunity to be heard." N.J. Div. of Youth & Family Servs. v. R.D., 207 N.J. 88, 119 (2011). However, "due process is flexible and calls for such procedural protections as the particular situation

demands." Ibid. (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Defendant's procedural due process argument is a limited one. He does not dispute that entry of the FRO and the concomitant placement of his name in the Registry as mandated by N.J.S.A. 2C:25-34 occurred after an adjudicatory hearing in which he participated and was represented by counsel. See, e.g., Matter of Allegations of Sexual Abuse at E. Park High Sch., 314 N.J. Super. 149, 159-66 (App. Div. 1998) (finding due process requires an administrative adjudicatory hearing subject to review by the courts prior to a defendant's inclusion in the Division of Youth and Family Service's central registry of child abusers). Rather, he contends only that his due process rights were violated by the dismissal of his appeal following the withdrawal of the complaint.

The doctrine of judicial estoppel bars a party from asserting contradictory positions in the same or subsequent legal proceeding. Cummings v. Bahr, 295 N.J. Super. 374, 385 (App. Div. 1996). Invocation of the doctrine is appropriate "when a party advocates a position contrary to a position it successfully asserted in the same or a prior proceeding." Kimball Intern., Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 606 (App. Div. 2000) (citation omitted). "The purpose of the judicial estoppel doctrine is to protect 'the integrity of the judicial

A-3485-16T1

process.'"  Ibid. (quoting Cummings, 295 N.J. Super. at 387).

"[T]o be estopped [a party must] have convinced the court to accept

its position in the earlier litigation." Id. at 606-07 (alteration

in original) (quoting In re Cassidy, 892 F.2d 637, 641 (7th Cir.

1990)).

"Judicial estoppel is an extraordinary remedy" that "should

be invoked only to prevent a miscarriage of justice." Bhagat v.

Bhagat, 217 N.J. 22, 37 (2014). We have not, "[h]owever, . . .

hesitated to apply it when warranted." Ibid.

In moving for dismissal of his initial appeal, defendant

successfully argued that the vacation of the FRO and dismissal of

the complaint rendered his appeal moot. Here, he makes the

opposite argument, contending his appeal from the FRO was not moot

and should not have been dismissed because the removal of his name

from the Registry was dependent on the resolution of his appeal.

Defendant further contends that the dismissal of the appeal he

successfully requested resulted in a deprivation of his due process

rights because it prevented him from challenging the trial court's

issuance of the FRO.

We are constrained to conclude defendant is judicially

estopped from arguing his due process rights have been violated

because he is unable to challenge the issuance of the FRO on

appeal. Defendant's due process argument is founded on an

inability to pursue his appeal from the FRO that is solely the product of his request — his successful motion to dismiss the appeal from the FRO in the first instance.  In our view, to reward defendant's "inconsistent behavior" by considering an alleged due process violation based on a circumstance of his own creation would result in a "miscarriage of justice."[6]  See Kimball, 334 N.J. Super. at 608 (citation omitted).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6]  We also observe that if there was error in the dismissal of the appeal, it was invited by defendant.  See, e.g., State v. Williams, 219 N.J. 89, 101 (2014) ("The doctrine of invited error does not permit a defendant to pursue a strategy . . . and then when the strategy does not work out as planned, cry foul and win a new trial.").  Moreover, defendant was not deprived of his due process right to appeal from the FRO because he successfully moved for the appeal's dismissal.