# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2395-17T1

A.R.,

      Plaintiff-Respondent,

v.

A.C.,

      Defendant-Appellant.

_____

      Argued February 4, 2019 – Decided February 27, 2019

      Before Judges Fasciale and Gooden Brown.

      On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-1050-18.

      Joshua D. Altman argued the cause for appellant (Benedict and Altman, attorneys; Antonio J. Toto and Joshua D. Altman, on the briefs).

      Respondent has not filed a brief.

PER CURIAM

Defendant appeals from a January 16, 2018 final restraining order (FRO) entered in favor of plaintiff (his ex-girlfriend) under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We reverse, remand, and in fairness to the judge who entered the FRO, we direct that a different judge conduct a new FRO hearing.

Defendant argues that the FRO judge failed to advise him of the consequences of proceeding pro se. Before the hearing began, the following exchange between the judge and defendant took place:

> Q: Do you understand that by proceeding today, you are waiving your right to a lawyer and [you are] acting as your own lawyer?
>
> A: Yes.

At a minimum, defendant contends that the judge should have informed him that if he entered an FRO, defendant's name would appear in the central registry under the PDVA. Defendant's other argument is that there was no evidence to satisfy the second prong of Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006). Consequently, he seeks a new hearing.

We have previously said that an FRO "is not merely an injunction entered in favor of one private litigant against the other." J.S. v. D.S., 448 N.J. Super. 17, 22 (App. Div. 2016). Courts "have consistently recognized that the issuance

A-2395-17T1

of an FRO 'has serious consequences to the personal and professional lives of those who are found guilty of what the Legislature has characterized as a serious crime against society.'" Franklin v. Sloskey, 385 N.J. Super. 534, 541 (App. Div. 2006) (quoting Bresocnik v. Gallegos, 367 N.J. Super. 178, 181 (App. Div. 2004)); see also N.J.S.A. 2C:25-18. "Once a final restraining order is entered, a defendant is subject to fingerprinting, N.J.S.A. 53:1-15, and the Administrative Office of the Courts [(AOC)] maintains a central registry of all persons who have had domestic violence restraining orders entered against them, N.J.S.A. 2C:25-34." Franklin, 385 N.J. Super. at 541 (quoting Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005)); see also D.N. v. K.M., 216 N.J. 587, 593 (2014) (Albin, J., dissenting) (cataloging the consequences under N.J.S.A. 2C:25-29(b) resulting from entry of a domestic violence FRO).

The right to seek counsel is an important due process right that affords defendants "a meaningful opportunity to defend against a complaint in domestic violence matters[.]" D.N. v. K.M., 429 N.J. Super. 592, 606 (App. Div. 2013). Although due process does not require the appointment of counsel for indigent defendants in a domestic violence proceeding who are opposing a request for an FRO, fundamental fairness requires that a defendant understands that he or she

has a right to retain legal counsel, and that a defendant is afforded a reasonable opportunity to retain an attorney.  Ibid.

In D.N., we concluded that D.N. relinquished her right to seek counsel because the judge "adequately questioned [her] regarding her decision to decline the opportunity to obtain legal representation." Id. at 607.  In that case, the judge asked D.N. (1) whether she wanted the opportunity to obtain counsel, pointing out that the opposing party was represented; (2) whether she understood what would happen if a final restraining order was entered; and (3) whether she knew that she might be subject to civil penalties and other consequences.  Ibid.  The judge also advised D.N. that she could request an adjournment to consult with an attorney or further prepare for the final hearing.  Ibid.  Given that advice, we held that D.N.'s waiver of her right to seek counsel was clear and knowing.

Defendant should have been likewise informed.  In fairness to the FRO judge, and because he made credibility findings, we direct that a different judge conduct the new hearing on remand.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2395-17T1