# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4122-17T1

B.P.,

     Plaintiff-Respondent,

v.

R.P.,

     Defendant-Appellant.

_____

Submitted March 25, 2019 – Decided May 9, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-1641-18.

Law Office of Harriet E. Raghnal, attorneys for appellant (April C. Bauknight, of counsel and on the brief; Harriet E. Raghnal, on the brief).

Philip B. Vinick, attorney for respondent.

PER CURIAM

Defendant appeals from an April 2, 2018 final restraining order (FRO), entered in favor of plaintiff (his ex-wife) under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. On December 8, 2017, plaintiff was granted a temporary restraining order (TRO) based on a domestic violence complaint alleging that on December 7, 2017, defendant harassed her and the parties' children by sending a threatening email after plaintiff failed to respond to his request to visit the children. Following a lengthy trial on non-consecutive days, during which defendant appeared pro se while plaintiff was represented by counsel, the trial court entered the FRO after determining that defendant had committed the predicate act of harassment, and that an FRO was necessary to prevent further abuse. See Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED WHEN IT RELIED UPON MULTIPLE INCREDIBLE HEARSAY STATEMENTS IN REACHING ITS DECISION WHICH WERE UNSUPPORTED BY COMPETENT EVIDENCE AND OFFEND[S] THE INTERESTS OF JUSTICE.

A-4122-17T1

POINT II

THE TRIAL COURT HAS AN AFFIRMATIVE DUTY TO INTERVENE TO ENSURE A FAIR TRIAL WHICH WAS NEGATED BY ITS REPEATED ADMISSION OF HEARSAY AND PREJUDICIAL EVIDENCE INTO THE RECORD.

POINT III

THE TRIAL [COURT] ERRED WHEN IT CONVERTED THE TRIAL ON AN ALLEGED ACT OF D[O]MESTIC VIOLENCE INTO ONE FOR ACTS WHICH WERE NOT ALLEGED IN THE COMPLAINT.

POINT IV

THE TRIAL COURT VIOLATED . . . DEFENDANT'S DUE PROCESS RIGHTS BY FAILING TO INFORM DEFENDANT OF HIS RIGHT TO COUNSEL OR THE CONSEQUENCES THAT COULD RESULT FROM[] A FINAL RESTRAINING ORDER; THEREBY, OFFENDING THE INTERESTS OF JUSTICE.

POINT V

THE COURT SHIFTED THE BURDEN OF PROOF FROM . . . PLAINTIFF TO . . . DEFENDANT REQUIRING THAT HE PROVE THAT HE DID NOT SEND OR CAUSE TO SEND . . . PLAINTIFF THE ALLEGED EMAIL.

A-4122-17T1

Because we agree that the court failed to inform defendant of his right to counsel or the serious consequences that could result from the entry of an FRO against him, we reverse.

We have previously stated that an FRO "is not merely an injunction entered in favor of one private litigant against the other." J.S. v. D.S., 448 N.J. Super. 17, 22 (App. Div. 2016). Instead, courts "have consistently recognized that the issuance of an FRO 'has serious consequences to the personal and professional lives of those who are found guilty of what the Legislature has characterized as a serious crime against society.'" Franklin v. Sloskey, 385 N.J. Super. 534, 541 (App. Div. 2006) (quoting Bresocnik v. Gallegos, 367 N.J. Super. 178, 181 (App. Div. 2004)); see also N.J.S.A. 2C:25-18. In fact, "[o]nce a final restraining order is entered, a defendant is subject to fingerprinting, N.J.S.A. 53:1-15, and the Administrative Office of the Courts [(AOC)] maintains a central registry of all persons who have had domestic violence restraining orders entered against them, N.J.S.A. 2C:25-34." Ibid. (quoting Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005)).

In addition, "[v]iolation of a restraining order constitutes contempt, and a second or subsequent non-indictable domestic violence contempt offense requires a minimum term of thirty days imprisonment. N.J.S.A. 2C:25-30."

4                                                          A-4122-17T1

Peterson, 374 N.J. Super. at 124. "The issuing court may also impose a number of other wide-reaching sanctions impairing a defendant's interests in liberty and freedom in order 'to prevent further abuse.' N.J.S.A. 2C:25-29(b)." Ibid. See also D.N. v. K.M., 216 N.J. 587, 593 (2014) (Albin, J., dissenting) (cataloging the consequences under N.J.S.A. 2C:25-29(b) resulting from entry of a domestic violence FRO).

Thus, the right to seek counsel is an important due process right that affords defendants "a meaningful opportunity to defend against a complaint in domestic violence matters[.]" D.N. v. K.M., 429 N.J. Super. 592, 606 (App. Div. 2013). Although due process does not require the appointment of counsel for indigent defendants opposing the entry of an FRO in a domestic violence proceeding, fundamental fairness requires that a defendant understand that he or she has a right to obtain legal counsel, and that a defendant is afforded a reasonable opportunity to retain an attorney. Ibid.

"[E]nsuring that defendants are not deprived of their due process rights requires our trial courts to recognize both what those rights are and how they can be protected consistent with the protective goals of the [PDVA]." J.D. v. M.D.F., 207 N.J. 458, 479 (2011). Thus, in D.N., we concluded that the defendant relinquished her right to seek counsel because the judge "adequately

questioned [her] regarding her decision to decline the opportunity to obtain legal representation." D.N., 429 N.J. Super. at 607. There, the trial judge asked D.N. (1) whether she wanted the opportunity to obtain counsel, pointing out that the opposing party was represented; (2) whether she understood what would happen if a final restraining order was entered; and (3) whether she knew that she might be subject to civil penalties and other consequences. Ibid. The judge also advised D.N. that she could request an adjournment to consult with an attorney or further prepare for the final hearing. Ibid. Given that advice, we held that D.N.'s waiver of her right to seek counsel was clear and knowing. Ibid.

Here, defendant was never informed of the significant consequences of an FRO. For instance, on January 5, 2018, when defendant expressed his concern that "serious allegations . . . [were] hanging over [his] head," the court agreed, but failed to elaborate on the serious consequences resulting from the issuance of an FRO, including fingerprinting and entry into the domestic violence registry. In a later colloquy on January 26, 2018, the court again dismissed defendant's concerns about the allegations without further explication:

> [Defendant]: . . . . I just thought because, ultimately, [I am] being accused of a crime . . . .
>
> The Court: Well, [it is] not a crime.
>
> . . . .

A-4122-17T1

The Court: . . . . It [does not] [rise] to that level. [It is] not a criminal matter. [It is] a civil matter.

[Defendant]: Oh, because when we initially appeared --

The Court: Okay, [you are] not threatened with jail.

[Defendant]: -- the magistrate said that the end result of this could be a criminal charge. He was quite clear about that.

The Court: Well, if you violate a [TRO], that is a criminal charge.

Likewise, nowhere in the record did the court advise defendant of his right to obtain counsel. That failure was particularly significant in this case because defendant had asserted that evidence was "being sprung upon [him] with no opportunity to prepare" and no "amend[ment to] the TRO[.]" See L.D. v. W.D., Jr., 327 N.J. Super. 1, 4 (App. Div. 1999) ("[I]t constitutes a fundamental violation of due process to convert a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence which are not even alleged in the complaint." (quoting J.F. v. B.K., 308 N.J. Super. 387, 391-92 (App. Div. 1998))); see also J.D., 207 N.J. at 478 ("[A]t a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" (quoting H.E.S. v.

7

J.C.S., 175 N.J. 309, 321 (2003))). Indeed, aside from the court confirming on January 5, 2018, that defendant was self-represented, and indicating on February 23, 2018, that it was "not being as strict as [it] could" because defendant was "self-represented," there was no discussion or explanation of defendant's right to obtain counsel by the court, or any express waiver of the right to seek counsel by defendant.

As a result, we vacate the FRO, reinstate the TRO, and remand for a new hearing. Because of our decision, we need not address defendant's remaining arguments other than to remind the trial court that "evidence presented [at a domestic violence trial] must meet the test for admission as provided by our Rules of Evidence." R.G. v. R.G., 449 N.J. Super. 208, 222 (App. Div. 2017). On remand, in fairness to the FRO judge, who made credibility findings, we direct that a different judge conduct the new hearing. R. 1:12-1(d); Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2019) ("[A] matter remanded after appeal for a new trial should be assigned to a different trial judge if the first judge had, during the original trial, expressed conclusions regarding witness credibility.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4122-17T1