# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5018-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

P.J.R.,

     Defendant-Appellant.

_____

Submitted October 21, 2019 – Decided November 14, 2019

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FO-07-0181-18.

Terry Webb argued the cause for appellant.

Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Stephen Anton Pogany, on the brief).

PER CURIAM

Defendant's then wife (the victim) obtained a temporary restraining order (TRO) under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, which prohibited defendant from having any contact with her. Before appearing at a final restraining order (FRO) hearing, defendant texted the victim, violating the TRO. The State charged him with fourth-degree contempt, N.J.S.A. 2C:29-9(b)(1), then downgraded the charge to a disorderly persons offense, N.J.S.A. 2C:29-9(b)(2). Defendant consented to the FRO's entry because the victim purportedly promised to dismiss the contempt charge, but that never happened.

Defendant filed a motion to either dismiss the contempt charge or vacate the FRO. The judge vacated the FRO, reissued the TRO, and denied the motion to dismiss the charge. A different judge then conducted a trial on the contempt charge. That judge took testimony from two witnesses—the victim and defendant's long-time friend—and admitted documentary evidence. The judge found defendant guilty of criminal contempt. Defendant now appeals from the order denying his motion to dismiss.

On appeal, defendant argues:

> POINT I
> THE AGREEMENT BETWEEN THE PARTIES
> SHOULD HAVE BEEN ENFORCED AND THE

A-5018-17T3

MOTION TO DISMISS SHOULD HAVE BEEN GRANTED TO PREVENT FUTURE ABUSE OF THE DOMESTIC VIOLENCE ACT.

POINT II
THE STATE LACKED TERRITORIAL JURISDICTION AND THUS THE CHARGE MUST BE DISMISSED.

We disagree, affirm, and conclude that these contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Nevertheless, we add these brief remarks.

A victim in a domestic violence case is without authority to dismiss a related contempt charge brought by the State. Rather, a prosecutor—the chief law enforcement officer in each county—is vested with that authority. See N.J.S.A. 2A:158-5 (explaining "[e]ach prosecutor shall be vested with the same powers and be subject to the same penalties, within his [or her] county, as the attorney general"); see also N.J.S.A. 2A:158-4 (stating "[t]he criminal business of the State shall be prosecuted by the Attorney General and the county prosecutors"). "[A] prosecutor has the discretion to prosecute those whom the prosecutor believes [have] violated the law." State v. McCray, 458 N.J. Super. 473, 486 (App. Div. 2019). In the prosecution for contempt of a restraining order, "the State is the party in interest, not the complainant." State v. Brito, 345 N.J. Super. 228, 231 (App. Div. 2001). The judge therefore correctly denied

defendant's motion to dismiss the contempt charge, and simultaneously protected the integrity of the PDVA by vacating the FRO.

Defendant maintains that the State lacked "territorial jurisdiction" to prosecute him on the contempt charge because he and the victim were out-of-state when he texted her. When a judge denies a motion to dismiss based on territorial jurisdiction, we review that order de novo. See State v. Ferguson, 238 N.J. 78, 93 (2019). We conclude territorial jurisdiction existed under N.J.S.A. 2C:1-3(a)(1).

Defendant's contacts in New Jersey are undisputed: he and the victim lived in New Jersey for more than a decade when the predicate act of harassment occurred. Indeed, a New Jersey judge entered the TRO that precluded defendant—who was served with the TRO in this state—from having "any oral, written, personal, electronic, or other form of contact or communication with [the victim]." The fact that defendant and the victim were not in New Jersey when he texted her is irrelevant.

To fall under N.J.S.A. 2C:1-3(a)(1), one of the criminal contempt charge's essential elements must have occurred in New Jersey, or the result of such conduct must have caused harm in New Jersey. State v. Tringali, 451 N.J. Super.

18, 26 (App. Div. 2017). The essential elements of contempt are outlined in N.J.S.A. 2C:29-9(b)(2):

> In all other cases a person is guilty of a disorderly persons offense if that person purposely or knowingly violates an order entered under the provisions of the [PDVA], or an order entered under the provisions of a substantially similar statute under the laws of another state or the United States.
>
> [(Internal citations omitted).]

The judge correctly noted that criminal contempt has three elements that a prosecutor must prove beyond a reasonable doubt: (1) that there was an order entered; (2) that defendant knew of the existence of the order; and (3) that defendant purposefully or knowingly disobeyed the order.

Here, two essential elements of criminal contempt occurred in New Jersey: an order was entered and defendant had knowledge of the order. The victim obtained a TRO—in New Jersey—against defendant on January 24, 2018, and she amended this order on February 1, 2018—in New Jersey. The victim testified, which the judge found credible, that defendant received notice of both TROs; specifically defendant received the amended TRO in court on February 1, 2018—in New Jersey. Finally, defendant's conduct harmed a New Jersey resident—he violated the victim's TRO against him, and the victim sought intervention by New Jersey police.

A-5018-17T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5018-17T3