**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

DOCKET NO. A-4900-15T2

T.M.S.,

    Plaintiff-Respondent,

v.

W.C.P.,

    Defendant-Appellant.
_____

<table>
<tr><td>

**APPROVED FOR PUBLICATION**

**June 5, 2017**

**APPELLATE DIVISION**

</td></tr>
</table>

Argued April 27, 2017 — Decided June 5, 2017

Before Judges Lihotz, O'Connor and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FV-01-684-07.

Ronald G. Lieberman argued the cause for appellant (Cooper Levenson, attorneys; Mr. Lieberman, on the brief).

Respondent has not filed a brief.

The opinion of the court was delivered by

MAWLA, J.S.C. (temporarily assigned)

Defendant W.C.P. appeals from a December 15, 2015 sua sponte order reinstating a final restraining order (FRO) entered against him in favor of plaintiff T.M.S. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. He also

appeals from the February 22, 2016 and July 1, 2016 Family Part orders denying his subsequent applications to vacate the reinstated FRO. We conclude the trial court abused its discretion and could not reinstate the FRO absent a motion. Because the December 15, 2015 order was improvidently entered, we also vacate the February 22, 2016 and July 1, 2016 orders.

Plaintiff obtained a temporary restraining order (TRO) against defendant as a result of a domestic violence incident on October 31, 2006. Defendant admitted to the act of domestic violence alleged and an FRO was entered on November 29, 2006. Defendant moved to vacate the FRO pursuant to N.J.S.A. 2C:25-29(d) and Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995). That motion was denied on May 13, 2008. Subsequently, defendant filed a second Carfagno application to dismiss the FRO. Plaintiff did not appear for the hearing. After determining plaintiff had been properly served with notice of the hearing, the court granted defendant's unopposed application.

With the FRO vacated, defendant moved for relief from weapons forfeiture. At the initial weapons forfeiture hearing, there was a question whether plaintiff was properly notified of the dismissal of the FRO. On the last day of the hearing, the court, who had heard the initial Carfagno application, reversed its initial determination plaintiff was validly served with defendant's

2

dismissal application, and vacated the December 8, 2014 dismissal order, reinstating the FRO. As a result, the weapons forfeiture matter was dismissed without prejudice.

Along with the sua sponte reinstatement of the FRO, the judge ordered a <u>Carfagno</u> hearing. A different court conducted this hearing, and ultimately denied defendant's request to vacate the FRO. Defendant's motion for reconsideration was denied on July 1, 2016. Defendant now appeals and asserts the following issues:

> <u>I.</u> THE TRIAL COURT JUDGE CANNOT VACATE AND REINSTATE A FRO SUA SPONTE PURSUANT TO THE PREVENTION OF DOMESTIC VIOLENCE ACT AND DOUBLE JEOPARDY PRECLUDES REINSTATEMENT OF THE FRO.
>
> <u>II.</u> THE TRIAL COURT FAILED TO CORRECTLY APPLY AND WEIGH THE <u>CARFAGNO</u> FACTORS.
>
> <u>III.</u> IN DOMESTIC VIOLENCE CASES THE SAME JUDGE SHOULD BE ASSIGNED TO THE MATTER FROM BEGINNING TO END.

In <u>Cesare v. Cesare</u>, 154 <u>N.J.</u> 394 (1998), our Supreme Court addressed the standard of review we apply to domestic violence matters. The Court stated:

> The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility.
>
> Because a trial court hears the case, sees and observes the witnesses, [and] hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses. Therefore an appellate court

3

should not disturb the factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.

[Id. at 411-12 (citations omitted) (alterations in original).]

"On the other hand, where our review addresses questions of law, 'a trial judge's findings are not entitled to the same degree of deference if they are based upon a misunderstanding of the applicable legal principles.'" N.T.B. v. D.D.B., 442 N.J. Super. 205, 215 (App. Div. 2015) (quoting N.J. Div. of Youth & Family Servs. v. Z.P.R., 351 N.J. Super. 427, 434 (App. Div. 2002)). The appropriate standard of review for conclusions of law is de novo. S.D. v. M.J.R., 415 N.J. Super. 417, 430 (App. Div. 2010) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Pursuant to the PDVA, a court may vacate an FRO upon good cause shown. N.J.S.A. 2C:25-29(d). Carfagno establishes eleven factors a court must weigh to determine if a defendant established the requisite good cause:

(1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a

4

continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

[Carfagno, supra, 288 N.J. Super. at 435.][1]

Here, when the trial court granted defendant's first Carfagno application, it noted plaintiff did not consent to the FRO's dissolution because she was not present. However, the facts proved defendant never violated the FRO because the parties had no reason to interact; specifically, because they did not have children and both were in committed relationships. The court made additional findings, including defendant's prior insobriety partially contributed to the domestic violence incident, and he had been sober for nearly eight years and even chaired his sobriety group. Further, the court noted defendant attended domestic violence counseling and although physically he was a "big guy," defendant had health problems that reduced his strength. As to plaintiff's good faith, the court noted she did not appear in court, and there

---

[1]    In Kanaszka v. Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998), we stated: "[w]e are in accord with the factor-analysis approach to an application for dismissal of a final restraining order set out in the well-reasoned opinion of Judge Dilts in [Carfagno]."

were no additional orders in other jurisdictions against defendant. The court concluded the <u>Carfagno</u> factors weighed in defendant's favor and the FRO was no longer needed to protect plaintiff.

When defendant sought the return of his weapons, the question of whether plaintiff was properly served with defendant's motion to vacate the FRO was orally raised by the prosecutor. The assistant prosecutor maintained plaintiff had not been served, because the court did not have plaintiff's correct address on file. The assistant prosecutor informed the court plaintiff had advised her that she never received the order vacating the FRO, even though it was sent to the address on file from when the court had entered the FRO. The court noted the issue of service required review, and ordered a plenary hearing.

On December 14, 2015, counsel for plaintiff appeared in the weapons forfeiture hearing to be heard on the dismissal of the FRO. The court reiterated it was unable to confirm whether plaintiff had been notified of the FRO dismissal hearing, because the court's address for plaintiff had not been updated. Importantly, the court noted plaintiff had not filed an application to reinstate the FRO based on the lack of service of defendant's <u>Carfagno</u> motion. Notwithstanding these procedural deficiencies, the trial judge reinstated the FRO and ordered a new <u>Carfagno</u>

6

hearing over defendant's objection plaintiff had not filed a motion to reinstate the FRO.

On appeal, defendant argues the PDVA does not permit a court to reinstate an FRO on its own motion. He asserts, although a trial court may revisit an interlocutory order, it cannot sua sponte review a final order. Relying on our decision in T.M. v. J.C., 348 N.J. Super. 101, 105-06 (App. Div.), certif. denied, 175 N.J. 78 (2002), defendant argues once a restraining order is dismissed, the court no longer has jurisdiction to determine whether a restraining order should be entered. Id. at 105 (holding a conditional dismissal is improper and stating "[e]ach domestic violence complaint represents a separate action in which the court must determine whether the TRO will be converted into an FRO. . . . [I]f a domestic violence complaint is designated as 'dismissed' the court loses jurisdiction to adjudicate whether an FRO should be entered."). Therefore, because the December 8, 2014 order dismissing the FRO was final, plaintiff's sole recourse was to file a motion for relief of judgment pursuant to Rule 4:50-1, which she did not do. Additionally, defendant argues the court unfairly shifted the burden of proof to him to seek a dismissal of the erroneously reinstated FRO, when plaintiff had the burden to show the FRO should not be dismissed. Defendant concludes the court exceeded its authority and the intent of the PDVA.

In reviewing this issue, we find guidance in the State of New Jersey Domestic Violence Procedures Manual promulgated by the Supreme Court in conjunction with the Office of the Attorney General, Department of Law and Public Safety. First issued in 1991, the manual states: "The New Jersey Domestic Violence Procedures Manual is intended to provide procedural and operational guidance for two groups with responsibility for handling domestic violence complaints in the state of New Jersey —judges and Judicial staff and law enforcement personnel." State of N.J. Domestic Violence Procedures Manual, Notice at i (2008) (the manual).[2] When a defendant makes a request to dismiss an FRO pursuant to N.J.S.A. 2C:25-29(d), the manual provides "[t]he court shall make reasonable efforts to find and notify the plaintiff of the request for dismissal but unless good cause is shown, the court cannot hold a hearing on this application unless the plaintiff is given notice and an opportunity to be heard." The manual, supra, § 4.19.4, at IV-28.

The manual also addresses reinstatement of a dismissed FRO:

> If there is no new act of domestic violence since the filing of the initial Complaint/TRO and the plaintiff seeks to reopen a TRO or FRO which has been dismissed, a notice of motion must be filed pursuant to Rule 4:50-1.

---

[2] The manual may be found online at https://www.judiciary.state.nj.us/courts/assets/family/dvprcman.pdf.

8

Once the application has been filed, the case is only opened for the purpose of scheduling the motion hearing. The restraining order is still dismissed on FACTS and the DVCR.

An application to reinstate the Complaint/TRO and restraining order does not "activate" the restraining order. The order is not activated until and unless both parties are notified, the court reviews the file, conducts a hearing, makes findings and then reinstates the order.

At the hearing, the judge may reinstate the order or let the dismissal stand. If reinstated, the status of the order would be "active" in FACTS and on the DVCR.

[Id. § 4.19.5, at IV-28.]

Due process is a fundamental right accorded to both parties under the PDVA. As our Supreme Court stated:

At a minimum, due process requires that a party in a judicial hearing receive "notice defining the issues and an adequate opportunity to prepare and respond." . . . [D]ue process forbids the trial court "to convert a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence. . . ."

[J.D. v. M.D.F., 207 N.J. 458, 478 (2011) (quoting H.E.S. v. J.C.S., 175 N.J. 309, 321-22 (2003) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)).]

With these procedures and principles in mind, we consider defendant's arguments. Here, at the initial hearing to dismiss the FRO, the court determined plaintiff had been properly served. The question of service did not arise until the first hearing on

9

the weapons forfeiture matter.  Then, on the third day of the weapons forfeiture matter, counsel for plaintiff spontaneously appeared to assert plaintiff had never been served with the motion to dismiss the FRO.  The court was unable to determine whether it served plaintiff notice by regular and certified mail, but observed there was no indication the regular mail had been returned.  The court further observed plaintiff had made no effort to update her contact information with the court.

In our view, the court overlooked fundamental due process principles by sua sponte reinstating the FRO in the ancillary weapons forfeiture matter.  If plaintiff challenged the order dismissing the FRO, she was required to file a motion for relief pursuant to Rule 4:50-1 in the domestic violence matter, so defendant could be heard and there, address the issue of service. The manual, supra, § 4.19.5, at IV-28.  In so finding, we do not inflexibly adhere to the manual requiring a Rule 4:50-1 motion. Rather, the facts of this case highlight why a formal application is mandatory:  defendant was entitled to be heard on the issue of whether service was proper.

Further, Rule 5:4-4(a) and (b)(1)-(2) state:

> (a) Manner of Service.  Service of process within this State for Family Part summary actions, including initial complaints and applications for post-dispositional relief, shall be made in accordance with Rule 4:4-4, Rule 5:9A-2, or paragraph (b) of this rule.

For initial complaints, substituted or constructive service of process outside this State may be made pursuant to the applicable provisions in Rule 4:4-4 or Rule 4:4-5. Family Part summary actions shall include all non-dissolution initial complaints as well as applications for post-dispositional relief, applications for post-dispositional relief under the Prevention of Domestic Violence Act, and all kinship legal guardianship actions. Applications for post-dispositional relief shall replace motion practice in Family Part summary actions. The court in its discretion, or upon application of either party, may expand discovery, enter an appropriate case management order, or conduct a plenary hearing on any matter.

(b) Service by Mail Program. Service of process for Family Part summary actions may be effected as follows:

   (1) Service by Mail. The Family Part shall mail process simultaneously by both certified and ordinary mail to the mailing address of the adverse party provided by the party filing the complaint or application for post-dispositional relief.

   (2) Effective Service. Consistent with due process of law, service by mail pursuant to this rule shall have the same effect as personal service, and the simultaneous mailing shall constitute effective service unless there is no proof that the certified mail was received, or either the certified or the regular mail is returned by the postal service marked "moved, unable to forward," "addressee not known," "no such number/street," "insufficient address," "forwarding order expired," or the court has

11

other reason to believe that service was not effected. Process served by mail may be addressed to a post office box. Where process is addressed to the adverse party at that person's place of business or employment, with postal instructions to deliver to addressee only, service will be deemed effective only if the signature on the return receipt appears to be that of the adverse party to whom process was mailed.

Pursuant to Rule 5:4-4(b)(1), service must be effectuated via certified and regular mail in summary proceedings involving the Act. Under the PDVA, a domestic violence victim's address and location remains confidential from a defendant. N.J.S.A. 2C:25-26(c). Therefore, the clerk of the Family Part effectuates service by mail. When a question arises, Rule 5:4-4(b)(2) provides proper service may be found if there is no proof the certified or regular mail is returned. Furthermore, "[n]ot every defect in service of process constitutes a denial of due process qualifying defendant for relief from the [] judgment." Pressler & Verniero, Current N.J. Court Rules, comment 5.4.2 on R. 4:50-1(d) (2017).

The same principle applies here. One year after an initial finding of valid service, the court was unable to determine whether service was effected via certified and regular mail as required under Rule 5:4-4(b)(1). However, we note there was no indication the regular mail had been returned. Also, defendant pointed out

12

that, even though plaintiff had been aware the FRO was vacated as early as September 2015, she made no application to the court to reinstate the FRO.

We reverse the December 15, 2015 sua sponte order reinstating the FRO, because applications to reopen a dismissed TRO or FRO must be made in the underlying domestic violence matter, not an ancillary matter, and must be made by formal motion pursuant to Rule 4:50-1. This practice will protect domestic violence victims by providing them with formal notice where there is an application to vacate the orders of protection, and assure due process for defendants.[3] We do not visit defendant's arguments regarding the second trial judge's Carfagno findings, because the February 22, 2016 and July 1, 2016 orders the second trial judge entered are now vacated.

Addressing defendant's remaining arguments, he asserts a domestic violence matter can be heard by only one judge. He claims he was prejudiced because two different judges heard the applications in this matter. Defendant cites to the Conference of Family Presiding Judges Presents the Family Division Report on Best Practices and Standardization to the Judicial Council,

---

[3] Although it is not an issue raised by defendant, we suggest the Conference of Family Presiding Judges consider promulgating formal operational guidance requiring plaintiffs to periodically update their address with the Family Division.

General Recommendation 1 at 30 (July 30, 1999), reciting "[t]he underlying philosophy for Family Division case processing should be one judge/one case. . . ."

The principle of "one-judge one-case" is laudable; however, we decline to interpret this recommendation as a mandate. This is especially so where trial judges are frequently rotated between divisions and calendar assignments, the domestic violence calendar is high volume, and domestic violence cases are summary in nature and must be adjudicated within ten days of filing of the complaint. See N.J.S.A. 2C:25-29(a). Rather, we rely on N.J.S.A. 2C:25-29(d) which provides:

> Upon good cause shown, any final order may be
> dissolved or modified upon application to the
> Family Part of the Chancery Division of the
> Superior Court, but only if the judge who
> dissolves or modifies the order is the same
> judge who entered the order, or has available
> a complete record of the hearing or hearings
> on which the order was based.

Here, there is no indication the court which handled the latest Carfagno hearing did not have access to a copy of the complete record.

Lastly, defendant claims he was subjected to "double jeopardy" because a Carfagno review was conducted twice. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense after a conviction or an acquittal, and prohibits multiple

14

punishments for the same offense.  State v. Widmaier, 157 N.J. 475, 489-90 (1999).  A complaint brought under the PDVA is a civil action separate and distinct from a criminal action.  State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007).  Therefore, a double jeopardy defense does not apply to the PDVA.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4900-15T2