# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2952-20

D.S.J.-S.,

    Plaintiff-Respondent,

v.

O.L.-A.,

    Defendant-Appellant.

_____

Submitted March 24, 2022 – Decided March 31, 2022

Before Judges Alvarez and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0832-20.

Law Office of Jordan B. Rickards, attorneys for appellant (Jordan B. Rickards, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant O.L.-A. appeals from a May 21, 2021 order denying reconsideration of an October 20, 2020 order denying his motion to vacate a

final restraining order (FRO) entered in favor of plaintiff D.S.J.-S., pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We reverse and remand for further proceedings consistent with this opinion.

On November 1, 2019, plaintiff filed a domestic violence complaint alleging defendant committed acts of assault, harassment, and terroristic threats. Plaintiff was granted a temporary restraining order (TRO) and it was served on defendant, who was in police custody. The matter was heard on November 14, 2019. The trial judge made no inquiry regarding defendant's whereabouts, and instead questioned plaintiff. Plaintiff testified defendant was arrested on the night of the incident. After hearing the testimony, the judge stated: "Again the defendant has failed to appear here despite service and notice of today's proceeding." He then made fact findings and entered the FRO.

On May 5, 2020, defendant filed a motion to vacate the FRO. His attorney certified defendant did not appear for the FRO hearing because he was detained by Immigration and Customs Enforcement (ICE) and held in the Essex County Correctional Facility on November 8, 2019, following his arrest. Defendant was scheduled to appear for deportation proceedings on May 8, 2020. Counsel's certification attached a November 4, 2019 ICE arrest warrant noting service on defendant on November 8, 2019, along with a notice to appear before an

A-2952-20

immigration judge at a date yet to be scheduled. The notice corroborated defendant's detention at the Essex County Jail as of November 8.

Counsel further certified "[d]efendant did not voluntarily absent himself from the [FRO] hearing, but was instead incarcerated at the time, and was not produced to court, even though he was in a neighboring county's correctional institution." Defendant's motion sought to vacate the FRO to "have an opportunity for a full and fair hearing for the [c]ourt to assess the credibility of the witnesses and hear from [d]efendant as to whether a [FRO] should be issued in this case." Plaintiff filed no opposition to the motion.

On October 20, 2020, the trial judge denied the motion. The order noted "[n]o supplemental certification has been received as to defendant's current status" and found:

> Defendant was . . . properly served with notice of the November 14, 2019[] hearing. At the time of [the] hearing, plaintiff had no specific information beyond her awareness of defendant's arrest by immigration officials. The current application provides no documentation as to defendant's incarceration. Moreover, no affirmative acts on the part of the defendant to advise of his location are referenced within the current application[] or known.

Defendant filed a motion for reconsideration and provided a certification from himself and his attorney. His attorney explained that following defendant's

A-2952-20

arrest, he appeared before a Criminal Part judge in Middlesex Vicinage who denied the State's pre-trial detention motion. However, defendant was not released and was instead transferred to ICE custody and taken to Essex County Jail the same day. Counsel explained defendant was produced from Essex to attend a pre-indictment conference before the Criminal Part judge in Middlesex and was admitted to pre-trial intervention on February 19, 2020. He certified defendant first learned about the FRO at the February hearing. In March 2020, defendant requested release on bond from the immigration court judge, which was denied. He "made several requests" of the Essex County Jail to inquire whether he had a court proceeding in the Middlesex Family Part and was advised there were no scheduled proceedings. Defendant remained in jail until his removal proceeding on July 24, 2020, in which he prevailed, was granted lawful permanent residence, and thereafter released.

Defendant's certification mirrored his attorney's, adding that in March 2020 he contracted COVID-19 while in detention "and was subject to quarantine within the facility" and "was restricted in [his] ability to contact . . . family, [his] attorney or the [c]ourt."

The trial judge denied the motion for reconsideration, finding:

> Counsel concedes that the initial motion "did not include evidence to supplement the argument that

A-2952-20

[defendant] was in custody at the time and therefore unable to appear before this [c]ourt for the [FRO] hearing." Counsel certifies that the [m]otion for [r]econsideration supplements the prior filing with "additional evidence." Counsel does not argue, however, that such evidence was not reasonably available . . . at the time of the initial application to vacate. The additional evidence therefore cannot serve as a basis for reconsideration. Further . . . [d]efendant was personally served . . . with the [TRO,] which contained notice of the November 14, 2019 proceeding. No proofs of incarceration have ever been produced.

Defendant raises the following arguments on appeal:

I. THE DEFENDANT'S CONSTITUTIONAL AND STATUTORY RIGHTS WERE VIOLATED BY BEING INVOLUNTARILY TRIED IN ABSTENTIA WHILE HE WAS INCARCERATED.

    A. The right to be present at trial, generally.

    B. The right to be present at trial is applicable to [FRO] hearings.

    C. The [d]efendant did not waive his right to be present at his [FRO] trial.

    D. The [d]efendant could not appear at the hearing because he was incarcerated, and the court failed to produce him.

II. THE TRIAL COURT ERRED BY NOT HOLDING A HEARING ONCE IT BECAME AWARE OF THE DEFENDANT'S INCARCERATION DURING THE [FRO] HEARING.

A-2952-20

An aggrieved party may seek reconsideration pursuant to Rule 4:49-2 where (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application . . . ." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). We review the denial of a motion for reconsideration for an abuse of discretion. Id. at 389.

The policies and procedures for domestic violence cases were promulgated by our Supreme Court in the New Jersey Domestic Violence Procedures Manual. Sup. Ct. of N.J. & Att'y Gen. of N.J., State of New Jersey Domestic Violence Procedures Manual (Oct. 9, 2008).[1] Section 4.9 of the manual governs procedure for final hearings and states: "Where the defendant does not appear at the final hearing, and proof of service has been provided, the court should proceed with the final hearing and may enter a final order in default." Id. at § 4.9.8 (emphasis added).

---

[1] The manual may be found online at
https://www.njcourts.gov/courts/assets/family/dvprcman.pdf.

We have stated: "Due process is a fundamental right accorded to both parties under the PDVA." T.M.S. v. W.C.P., 450 N.J. Super. 499, 505 (App. Div. 2017). The Supreme Court has held: "At a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" J.D. v. M.D.F., 207 N.J. 458, 478 (2011) (quoting H.E.S. v. J.C.S., 175 N.J. 309, 321-22 (2003)).

Pursuant to these principles, we are convinced the denial of defendant's reconsideration motion was error. The judge focused on whether defendant's counsel was able to provide additional evidence of defendant's inability to attend the FRO hearing, while ignoring evidence already in the record, indicating he should not have proceeded with the FRO default hearing in the first place. Indeed, the FRO hearing transcript reveals no effort by the trial judge to determine defendant's whereabouts after plaintiff informed him defendant was arrested the night of the incident.

Furthermore, the judge gave no weight to defense counsel's certification on the motion to vacate the default detailing why defendant did not appear for the FRO hearing and providing objective evidence of his detention by ICE. Because the FRO was entered by default the judge was obliged to consider "'the opening of [the] default judgment[] . . . with great liberality,' and . . . tolerate

'every reasonable ground for indulgence . . . to the end that a just result is reached.'" See Mancini v. Eds ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). The judge should have granted the motion for reconsideration because his initial decision was palpably incorrect and failed to "appreciate the significance of [the] probative, competent evidence[]" in the record. Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401).

Although not raised on appeal, we are concerned by the way the judge elicited testimony from plaintiff during the FRO hearing. The transcript shows the judge read the complaint to plaintiff in a narrative fashion and, with few exceptions, elicited "yes" or "no" answers from her. We appreciate the FRO hearing occurred by default, but even in such instances the court should be careful not to ask leading questions beyond those necessary to lay a foundation for a parties' testimony. See N.J.R.E. 611(c); see also L.M.F. v. J.A.F., Jr., 421 N.J. Super. 523, 537 (App. Div. 2011) (noting the limitations on a trial judge's authority to ask questions to elicit material facts on his or her own initiative). We trust the hearing on remand will be conducted cognizant of these concerns.

The FRO is vacated and the TRO reinstated. The Family Part shall conduct a new FRO hearing as soon as practicable.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2952-20