# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3390-20

G.S.,

     Plaintiff-Respondent,

v.

K.S.,

     Defendant-Appellant.

_____

Argued October 13, 2022 – Decided October 20, 2022

Before Judges Gooden Brown and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-1530-21.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the brief).

Jill Dell'Aquilo argued the cause for respondent (Weinberg, Kaplan & Smith, PA, attorneys; Michael A. Weinberg, of counsel and on the brief; Jill Dell'Aquilo, on the brief).

PER CURIAM

Plaintiff, G.S., commenced this action against defendant, K.S.,[1] alleging that defendant's electronic communications with her constituted the predicate act of harassment, in violation of the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. At the conclusion of a final hearing at which both parties testified, the judge rendered detailed findings of fact and entered a final restraining order (FRO) in plaintiff's favor. We affirm, substantially for the reasons set forth by Judge John L. Call.

On appeal, defendant raises the following argument:

ARGUMENT

THE APPELLATE DIVISION SHOULD VACATE THE FINAL RESTRAINING ORDER ENTERED BY THE FAMILY COURT.

A. The text exchanges did not show a predicate act of harassment with the PDVA.

B. Even if the family judge properly found a predicate act, there is insufficient evidence to sustain the judge's conclusion under the second requirement of the Act that "relief [is] necessary to prevent further abuse," N.J.S.A. 2C:25-29(b).

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. Rule 1:38-3(d)(9).

We find insufficient merit in defendant's contention to warrant discussion in a written opinion. Rule 2:11-3(e)(1)(E). We write only to add the following brief comments.

Our review of a trial judge's fact-finding is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). A judge's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Therefore, we will not disturb a judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice[.]" Rova Farms, 65 N.J. at 483-84 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

Specifically, we "accord substantial deference to Family Part Judges, who routinely hear domestic violence cases and are 'specially trained to detect the difference between domestic violence and more ordinary differences that arise between couples.'" C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020) (quoting J.D. v. M.D.F., 207 N.J. 458, 482 (2011)). However, "[w]here our review addresses questions of law, a trial judge's findings are not entitled to the same degree of deference . . . [t]he appropriate standard of review for

3                                                                      A-3390-20

conclusions of law is de novo." T.M.S. v. W.C.P., 450 N.J. Super. 499, 502 (App. Div. 2017) (citations omitted).

When considering whether to enter an FRO under the PDVA, as here, the trial judge must perform a two-step analysis. Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006).

Under the first Silver prong, "the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(]a[)] has occurred." Ibid. A person commits the predicate act of harassment where, "with the purpose to harass another," he:

> a. Makes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4.]

"A finding of a purpose to harass may be inferred from the evidence presented," and "[c]ommon sense and experience" may guide the judge in making that

determination. State v. Hoffman, 149 N.J. 564, 577 (1997). In determining whether conduct is likely to cause the statutorily required "annoyance" or "alarm" to the victim, the judge must construe any such acts in "light of the totality of the circumstances," including "the defendant's past conduct toward the victim and the relationship's history." Id. at 585.

"Commission of a predicate act is necessary, but alone insufficient, to trigger relief provided by the [PDVA]." R.G. v. R.G., 449 N.J. Super. 208, 228 (App. Div. 2017). Under the second Silver prong, a judge must then determine "whether [an FRO] is necessary . . . to protect the [plaintiff] from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127. "[T]he guiding standard is whether a restraining order is necessary, upon an evaluation of the facts set forth in N.J.S.A. 2C:25-29[(a)](1) to – 29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Ibid (citation omitted). Those factors include, but are not limited to, the following:

> (1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment[,] and physical abuse;
>
> (2) The existence of immediate danger to person or property;
>
> (3) The financial circumstances of the plaintiff and defendant;

(4) The best interests of the victim and any child;

(5) In determining custody and parenting time the protection of the victim's safety; and

(6) The existence of a verifiable order of protection from another jurisdiction.

[N.J.S.A. 2C;25-29(a).]

This second prong further "requires [that] the conduct [be] imbued by a desire to abuse or control the victim." R.G., 449 N.J. Super. at 228; see also Peranio v. Peranio, 280 N.J. Super. 47, 52 (App. Div. 1995) (defining domestic violence as "a pattern of abusive and controlling behavior injurious to its victims"). Whether a defendant's conduct was designed to abuse or control the plaintiff should be assessed in the context of the "entire relationship between the parties." Cesare, 154 N.J. at 405.

The trial judge's determination that defendant committed the predicate act of harassment was based on consideration of the totality of the circumstances. He relied on the aggregate of defendant's electronic communications directed towards plaintiff; the existence of financial control over the plaintiff; and defendant's multiple violations of communicative restrictions prescribed in prior temporary restraining orders and consent orders to find that plaintiff established

A-3390-20

harassment "well beyond a preponderance of the evidence." We find no principled reason to second-guess this determination.

After careful examination of the record, we are also satisfied that this same evidence more than amply demonstrated the judge's determination that plaintiff required an FRO to protect her from defendant's abusive behavior.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3390-20