# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3414-22

I.O.,

    Defendant-Appellant,

v.

S.A.B.,

    Plaintiff-Respondent.

_____

Argued July 9, 2024 – Decided July 16, 2024

Before Judges Smith and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FV-11-0294-23.

Janine Danks Fox argued the cause for appellant (Szaferman, Lakind, Blumstein & Blader, P.C., attorneys; Janine Danks Fox of counsel and on the briefs).

Scott Alan Krasny argued the cause for respondent (Furlong & Krasny attorneys; Scott Alan Krasny on the brief).

PER CURIAM

Defendant S.A.B.[1] appeals the trial court's entry of a final restraining order (FRO) issued against her in an action brought by plaintiff I.O. under the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35. She contends the trial court erred when it: failed to consider certain facts in the record probative on the issue of I.O.'s credibility; found that S.A.B.'s phone calls to I.O. and his mother, and a social media posting, constituted predicate acts under the Act; and found that S.A.B. committed prior acts of domestic violence against I.O. We affirm.

The parties were married on February 20, 2011. Two children were born of the marriage: they are currently nine and seven years old. Prior to and during the divorce action the parties filed multiple domestic violence complaints against each other. The complaints resulted in voluntary dismissals, except for one matter, which the parties resolved by agreeing to a consent order establishing civil restraints.

On July 25, 2022, the trial court entered a final judgment of divorce (FJOD). Shortly after entry of the FJOD, I.O. obtained a temporary restraining order (TRO) against S.A.B. on August 26, 2022. In his complaint, I.O. alleged, among other things, that S.A.B. called him on August 17, 2022, and told him

---

[1] To protect privacy interests, we use initials pursuant to Rule 1:38-3(d).

that she would: "ruin [his] mother's life"; that she "would dig up something about his father"; and that she had enough cash on hand to "make trouble for [I.O.]." I.O. amended his complaint on September 1, 2022. He alleged S.A.B. called his mother, G.Z., with a purpose to harass by disparaging him. I.O. also alleged S.A.B. contacted his grandmother with a purpose to cause alarm by telling his grandmother that I.O. was physically violent towards S.A.B.

The FRO hearing took place on May 10, 2023. Three witnesses testified: plaintiff, his mother G.Z., and defendant. In an oral decision, the court found: I.O. was credible overall, including his testimony about S.A.B.'s prior acts of domestic violence; I.O.'s explanation for why he left out of his complaint S.A.B.'s demand that he "leave [her] alone" was "not believable"; and I.O. never saw his mother or grandmother's reactions to S.A.B.'s phone calls. The court also found G.Z. credible. The court next found S.A.B. admitted to the telephone calls, and to making a Facebook post referencing I.O., his girlfriend, and her children.

The court found no material dispute between the parties concerning the August 17 phone call. The court found that S.A.B.'s separate call to plaintiff's grandmother did not rise to a predicate act, but rejected S.A.B.'s "blanket" denials of her prior acts of domestic violence against I.O.

3

The trial court found the civil restraints were not dispositive on the question of whether I.O. proved the predicate act of harassment. Instead, the court cited paragraph 1.1 of the FJOD, which stated in pertinent part, "Each party agrees not to trouble the other."

The court found S.A.B.'s phone calls to I.O. and G.Z. were violations of paragraph 1.1 of the FJOD. The court further found that S.A.B. showed an intent to "alarm, annoy, or intimidate" in her calls to both victims. The court rejected, as not supported by a preponderance of credible evidence, S.B's argument that she called I.O. out of frustration to prevent him from harassing her.

The court next addressed S.A.B.'s Facebook posting:

> The [FJOD] permits and encourages communication between the parties that impacts the general welfare of the children. Instead of contact[ing] [I.O.] directly about her questions concerning his new girlfriend and [her] kids . . . [and] access to the parties' children, she chose to make a social media post, . . . to reach them directly under circumstances known to her that the type of communication would be harassing to [I.O.].

The trial court issued the FRO, finding that I.O. had proven the predicate act of harassment as to two of the phone calls and the Facebook posting, and had also proven S.A.B.'s prior history of domestic violence. The court also made

A-3414-22

Silver[2] prong two findings, determining that an FRO was needed to prevent further harassment. S.A.B. appealed.[3]

"In [appellate] review of a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." J.D. v. A.M.W., 475 N.J. Super. 306, 312-313 (App. Div. 2023) (alteration in original) (quoting D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013)). "We defer to the credibility determinations made by the trial court because the trial judge 'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" Id. at 313 (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "We also recognize because of 'the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding.'" Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "However, we do not defer to the judge's legal conclusions if 'based upon a

---

[2] Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006)

[3] After S.A.B. perfected her appeal, on September 26, 2023 we granted her motion to supplement the record, subject to our consideration of the relevance and weight, if any, to be given to the supplemental material.

misunderstanding of . . . applicable legal principles.'" Ibid. (quoting T.M.S. v. W.C.P., 450 N.J. Super. 499, 502 (App. Div. 2017)).

We conclude S.A.B.'s arguments are without merit, and we affirm substantially for the reasons set forth in the cogent oral opinion of Judge Lawrence P. DeBello. We add the following brief comments.

We defer to the findings of the trial court on witness credibility and facts supported by the record. Ibid. Given this well-settled principle, we are unpersuaded by S.A.B.'s argument that the trial court failed to consider the record concerning I.O's credibility. The record shows the opposite. Judge DeBello found I.O. not credible on a single issue, the reasons for his omission of S.A.B.'s "leave me alone" statement from the domestic violence complaint. However, the judge found I.O. generally credible when considering his overall testimony. Next, we defer to Judge DeBello's finding that S.A.B. committed three predicate acts of harassment, and his finding that she committed prior acts of domestic violence against I.O. The record contains ample credible evidence to support the judge's findings, and we discern no substantive basis to disturb them. Finally, we have considered the supplemental material submitted by S.A.B., and we conclude that it does not warrant reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                      A-3414-22