**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0473-24

COLLEEN CONNOLLY, f/k/a
COLLEEN CONNOLLY-JONES,

    Plaintiff-Respondent,

v.

DAVID A. JONES,

    Defendant-Appellant.

_____

Submitted January 29, 2026 – Decided April 14, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0784-09.

David A. Jones, self-represented appellant.

SeidenFreed LLC, attorneys for respondent (Derek M. Freed, of counsel and on the brief; Victoria D. Miranda, on the brief).

PER CURIAM

Defendant David A. Jones appeals from the provisions of the Family Part's August 27, 2024 order denying his request to recalculate the maintenance award for the parties' son and to amend the maintenance payments to reflect their son's income and federal support payments. In challenging these provisions, defendant asserts the court did not consider their son's assets, income, and Supplemental Security Income (SSI) benefits information. Defendant contends the court abused its discretion in considering the relevant factors set forth in N.J.S.A. 2A:34-23(a). Having reviewed the record, we affirm.

The parties were married in 1998; three children were born from their marriage. The two eldest are emancipated. A dual final judgment of divorce (DFJD) was entered on December 21, 2011. The DFJD directed defendant to pay $47,616 per year in permanent alimony. At the time of the divorce, defendant lived in Virginia and earned approximately $175,000 per year as a pharmaceutical executive. Plaintiff Colleen Connolly worked as a substitute teacher earning approximately $27,000 per year and was at the time and remains the sole caregiver for their special needs son.

A-0473-24

The subject of this appeal is the parties' youngest child, M.J.[1]—a special needs adult with "autism limited"—who will never be emancipated. He earns approximately $8,000 per year through an enrichment program.

In 2023, defendant moved to reduce his alimony obligation following his separation from employment. Plaintiff opposed the motion and cross-moved to compel defendant to contribute $284 per week to the Achieving a Better Life Experience (ABLE) Disability Savings Plan,[2] or a special needs trust, to allow M.J. to have access to the funds for a better quality of life and care. In an October 31, 2023 order, the court denied defendant's motion to retroactively modify his alimony obligation from January 2023 to September 2023. The court determined defendant's temporary nine-month unemployment was not a permanent, substantial change in circumstances. It granted plaintiff's cross-motion to direct defendant to provide the weekly maintenance support for the

---

[1] We use initials to protect the individual's privacy interests. R. 1:38-3(a)(2)

[2] An ABLE account is a tax-advantaged savings account available to cover qualified disability expenses for an individual with a blindness or disability that began before the age of forty-six. The designated beneficiary of the ABLE account is the account owner. The annual deposit limits are subject to change each calendar year. ABLE funds are not countable resources for SSI beneficiaries. About ABLE Accounts, ABLE: Nat'l Res. Ctr., https://ablenrc.org/what-is-able/what-are-able-accounts/ (last visited April 1, 2026).

A-0473-24

ABLE account or special needs trust, finding "[N.J.S.A. 2A:34-23(a)](1), (2), (3), (6)[,] (7)[,] and (10) weigh[ed] in favor of mandating continuing financial maintenance for . . . [M.J.]."  Defendant did not appeal this order.

Following the entry of the court's order, defendant mailed plaintiff copies of the ABLE statement and informed her, due to tax consequences, he would split his contributions between the ABLE account and a Fidelity account. However, defendant denied plaintiff access to the ABLE account.  In response, plaintiff filed a motion seeking access to the ABLE and Fidelity accounts, requesting all funds be deposited exclusively into the ABLE account, and attorney's fees and costs.  Defendant opposed the motion and cross-moved to modify his financial maintenance obligation and provide proof of M.J.'s then-current income and SSI benefits.

In its June 20, 2024 order, the court granted plaintiff's motion in part, directing defendant to arrange access to the ABLE account or withdraw funds weekly and deposit those funds into an account designated by plaintiff for M.J.'s use, and awarded counsel fees.  The court denied defendant's cross-motion.  In an accompanying statement of reasons, the court stated:  "Defendant [did] not submit[] any evidence to suggest that those support payments were not intended to be turned over to plaintiff, who is responsible for [M.J.]'s care, or any

A-0473-24

justifiable rationale for limiting plaintiff's access to these support payments for [M.J.]'s care."

Defendant moved for reconsideration of the June order, which denied his request for proof of M.J.'s current income and SSI benefits. He asserted the court's ruling conflicted with N.J.S.A. 2A:34-23(a) factors. Plaintiff opposed the motion and cross-moved, seeking an order compelling defendant to re-issue his maintenance payments recently made and counsel fees and costs.

Following oral argument, the court entered an order on August 27, 2024, accompanied by a statement of reasons denying defendant's request for plaintiff to provide proof of M.J.'s income and SSI benefits, and to modify the maintenance award. Rather, the court directed plaintiff to provide defendant with M.J.'s annual income and benefits. In the statement of reasons, it noted this was defendant's third motion within the year addressing his responsibility to provide maintenance payments. Again, the court found defendant "[had] not demonstrated that the [c]ourt's October 31, 2023 [o]rder setting the amount of maintenance at $284, or the [c]ourt's June 20, 2024 [o]rder rejecting defendant's attempt to obtain discovery to modify the $284 award, [was] palpably incorrect or determined on an irrational basis." The court again determined defendant

failed to establish a change in circumstances warranting a modification of the maintenance award. Defendant's motion for a stay of this order was denied.

Our scope of review of Family Part orders is limited. Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). Consequently, findings by a court "are binding on appeal when supported by adequate, substantial, credible evidence." T.M.S. v. W.C.P., 450 N.J. Super. 499, 502 (App. Div. 2017) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). However, legal conclusions and the interpretation of statutes or the application of legal standards are reviewed de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

A trial court's decision on a motion for reconsideration is reviewed under an abuse of discretion standard. JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022). Reconsideration should be granted where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Dennehy v. East Windsor Reg'l Bd. of Educ., 469 N.J. Super. 357, 363 (App. Div. 2021) (alterations in original) (quoting Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)). The moving party must "initially demonstrate that

6

the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

On appeal, defendant reprises the arguments presented to the Family Court regarding proof of M.J.'s income and federal benefits and the application of the statutory factors. We are unconvinced the court did not consider these factors, particularly N.J.S.A. 2A:34-23(a)(7)—the "income, assets[,] and earning ability of the child."

The court's statement of reasons thoroughly outlined the motion history and included extensive factual findings regarding M.J.'s status as a special needs adult, who "only works a few hours [per] week to keep him engaged and earns an income of approximately the minimum hourly wage." The court further considered the statutory factors, as noted in the October 31, 2023 order. Although the court's June 20, 2024 order did not expressly reference the statutory factors, it nonetheless considered factor (7) observing there was no proof M.J. was earning, either through income or benefits, more than the minimum wage. The court afforded defendant every opportunity to present a change in circumstances to modify the maintenance; however, he did not provide competent proofs.

A-0473-24

We are mindful defendant's reconsideration motion was the third attempt to modify his maintenance obligation to his son. "Critically . . . , reconsideration is not meant to re-litigate issues already decided or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." 160 Chubb Props., LLC v. Twp. of Lyndhurst, 31 N.J. Tax. 192, 199 (Tax 2019); see also D'Atria, 242 N.J. Super. at 401 ("[M]otion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour."). Based on our careful review of the record, we are satisfied the court did not abuse its discretion in denying defendant's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hawley

Clerk of the Appellate Division

A-0473-24