**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3121-24

C.E.G.,[1]

    Plaintiff-Respondent,

v.

R.P.G.,

    Defendant-Appellant.

_____

Submitted May 12, 2026 – Decided May 21, 2026

Before Judges Gooden Brown and Rosero.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-2019-21.

Miller and Miller, attorneys for appellant (David M. Miller and Michael S. Miller, on the brief).

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the confidentiality of the record and the privacy interest of the parties. <u>See</u> <u>R.</u> 1:38-3(d)(10).

Defendant challenges the entry of a final restraining order (FRO) entered against him pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. He argues plaintiff unreasonably delayed the FRO hearing, thus, the doctrine of laches requires dismissal of the FRO; and that he was not provided notice of the FRO hearing, thus, the FRO should be vacated for a new hearing. Having reviewed the record in light of the applicable legal principles, we reverse and remand for a new FRO hearing before a different judge.

Plaintiff and defendant dated from 2014 to 2021. On April 28, 2021, after a break-up, plaintiff filed a PDVA complaint alleging defendant committed acts of harassment on April 25, 2021. The court granted a temporary restraining order (TRO) and a final hearing was scheduled for May 10, 2021. The TRO noted defendant was hospitalized and on May 4, 2021, the TRO was served on defendant's father who indicated he would give it to defendant.

On May 10, 2021, the court issued a continuance order due to defendant's unavailability. The order extended the TRO until defendant was "able to participate." For reasons that are not apparent from the record, there was no action on the FRO hearing until November 7, 2024, when the trial court entered a continuance order due to both parties' failure to appear. The order noted

2

defendant would "be served by law enf[orcement]" and the FRO hearing was scheduled for "TRY/DISMISS" on February 7, 2025.

Another continuance order was entered on February 7, 2025, due to neither party appearing; the case was rescheduled to February 28, 2025. The court sent defendant notice of the February 28 hearing via certified mail to defendant's address in Reno, Nevada. The United States Postal Service (USPS) tracking information indicates the notice was marked "returned to sender" and delivered back to New Jersey on March 18, 2025.

On February 28, 2025, a continuance order was entered due to neither party appearing. The order noted the "parties [were] not noticed," and the hearing was rescheduled to March 21, 2025. The court again sent defendant notice of the rescheduled hearing date via certified mail to defendant's Nevada address. According to the USPS tracking information, the notice was marked "returned to sender" on March 27, 2025, then "forward expired" on April 4; finally on April 14, it was returned to New Jersey.

On March 21, 2025, a continuance order was issued because defendant was not noticed; the case was relisted to April 25, 2025. The court sent notice of the new date to defendant via certified mail to his Nevada address. The USPS

3

tracking information indicates it arrived in the Reno Distribution Center on March 26, and on March 27 was forwarded from Nevada to New Jersey.

On April 25, 2025, plaintiff was present in court for the FRO hearing but defendant did not appear. Prior to the hearing, the court called defendant at "the number [they had] in the system. No one picked up, it went straight to voicemail." The judge noted, "The [USPS] forwarded the notice to [defendant]. It went to Reno, Nevada, and it was forwarded and now it was returned to the sender . . . on April 8; therefore, service was proper and we will proceed in default."

After the FRO hearing began and plaintiff was testifying, the court clerk informed the court that defendant returned the call and said he resided in California. The judge indicated they would proceed stating defendant "had not updated his information. According to the [USPS], the notice was forwarded to his last known address. It said forwarded and then it was returned to the sender; therefore, service is good and we will proceed." The court continued the hearing without defendant's participation.

After hearing testimony from plaintiff, the judge made credibility and factual findings, and found by a preponderance of the evidence, that defendant had committed acts of domestic violence as defined in N.J.S.A. 2C:25-19(a),

specifically harassment, N.J.S.A. 2C:33-4, and plaintiff required an FRO for her protection. The court granted the FRO. That same day, the court entered an FRO which noted "defendant was not present at the time the FRO . . . was issued" and the FRO "was issued by default." The court imposed a $100 civil penalty.

Defendant did not move to vacate the default or move for reconsideration. Defendant filed a notice of appeal on June 5, 2025. Plaintiff did not file a responding brief.

On appeal, defendant argues:

> POINT I
> THE DOCTRINE OF LACHES REQUIRES DISMISSAL OF THE ACTION[.] (NOT RAISED BELOW)[.]
>
> PONT II
> DEFENDANT WAS DEPRIVED OF FUNDAMENTAL DUE PROCESS[.] (NOT RAISED BELOW)[.]

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 412 (1998). "We give particular deference to [family] courts because they 'possess special expertise in the field of domestic relations.'" Peterson v. Peterson, 374 N.J. Super. 116, 121 (App. Div. 2005) (quoting Cesare, 154 N.J. at 412-13). Therefore, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Thieme v. Aucoin-

A-3121-24

Thieme, 227 N.J. 269, 283 (2016) (quoting Cesare, 154 N.J. at 411-12). We owe no special deference, however, to a trial court's "interpretation of the law." Ibid. (quoting D.W. v. R.W., 212 N.J. 232, 245 (2012)).

We first address defendant's violation of due process claim. Parties to a domestic violence action are entitled to certain basic procedural due process rights. J.D. v. M.D.F., 207 N.J. 458, 478 (2011). Our Supreme Court has explained that "ordinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing that are imposed by the statute." Ibid. (internal citations omitted). "[E]nsuring that defendants are not deprived of their due process rights [in a domestic violence matter] requires our trial courts to recognize both what those rights are and how they can be protected consistent with the protective goals of the [PDVA]." Id. at 479.

"Due process is a fundamental right accorded to both parties under the PDVA." T.M.S. v. W.C.P., 450 N.J. Super. 499, 505 (App. Div. 2017). The Court has held: "[A]t a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" J.D., 207 N.J. at 478 (quoting H.E.S. v. J.C.S., 175 N.J. 309, 321-22 (2003)).

6

According to Rule 5:4-4, entitled "Service of Process in Family Part Summary Actions," effective service can be done through mail. R. 5:4-4(b)(1). However, the mailing will not be considered effective service if:

> there is no proof that the certified mail was received, or either the certified or the regular mail is returned by the postal service marked "moved, unable to forward," "addressee not known," "no such number/street," "insufficient address," "forwarding order expired," or the court has other reason to believe that service was not effected.
>
> [R. 5:4-4(b)(2).]

Defendant argues he was denied his due process rights of adequate notice and opportunity to be heard. He contends the court notices were sent to the wrong address and returned undelivered. Defendant states there was no proof of service, "nor was there testimony that he was aware of the hearing." He argues the hearing should have been adjourned when he called the court back during the hearing or the judge should have allowed him to participate via phone. We agree.

The USPS tracking record shows that as with prior notices, the notice for the April 25, 2025 FRO hearing was returned to New Jersey as undelivered. As such, there was no proof that defendant received notice of said FRO hearing date. The record further shows that shortly after the court called defendant, he

7

returned the call and notified the court that he had moved, and had not received notice of the FRO hearing proceeding on that date, giving the court reason to believe that service was not effected.

Defendant submits that the court did not invite him to participate in the hearing by phone or Zoom and did not ask him whether he wanted an adjournment. Although the court recognized the importance of notice to the defendant and called him prior to beginning the FRO hearing, when he called back, the court did not make such inquiry and instead proceeded by default.

We have held a "trial court retains its authority to permit remote testimony by witnesses at those proceedings where 'good cause' is shown and 'appropriate safeguards' are imposed." State v. Lansing, 479 N.J. Super. 565, 575 (App. Div. 2024); see also Pathri v. Kakarlamath, 462 N.J. Super. 208, 215-16 (App. Div. 2020) (establishing guidelines for deciding "good cause" and "appropriate safeguards" for allowing virtual testimony in a Family Part hearing); State v. Reyes-Rodriguez, 480 N.J. Super. 526, 550 (App. Div. 2025) (applying Pathri, 462 N.J. Super. 208). While there is insufficient information in the record to determine whether a virtual or phone appearance would have been feasible, it is clear that defendant was not afforded these options.

A-3121-24

Regarding an adjournment, adjournments are matters generally left to the discretion of the trial courts. Kosmowski v. Atlantic City Med. Ctr., 175 N.J. 568, 575 (2003). "Calendars must be controlled by the court, not unilaterally by the defense, if civil cases are to be processed in an orderly and expeditious manner." Vargas v. Camilo, 354 N.J. Super. 422, 431 (App. Div. 2002). Our courts have long held that an appellate court will reverse for failure to grant an adjournment only if the trial court abused its discretion, causing a party a "manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011).

In considering whether the court mistakenly applied its discretion, we examine the proceeding in question - an FRO with significant consequences to both parties, and the reason for the adjournment - defendant's lack of notice. In this instance, both factors favored adjourning the hearing given that the failure to do so resulted in a deprivation of defendant's due process rights.

"We have consistently recognized that the issuance of an FRO 'has serious consequences to the personal and professional lives of those who are found guilty of what the Legislature has characterized as a serious crime against society.'" Franklin v. Sloskey, 385 N.J. Super. 534, 541 (App. Div. 2006) (quoting Bresocnik v. Gallegos, 367 N.J. Super. 178, 181 (App. Div. 2004)) (internal quotation marks omitted).

> Once a final restraining order is entered, a defendant is subjected to fingerprinting, N.J.S.A. 53:1-15, and the Administrative Office of the Courts maintains a central registry of all persons who have had domestic violence restraining orders entered against them, N.J.S.A. 2C:25-34. Violation of a restraining order constitutes contempt, and a second or subsequent non-indictable domestic violence contempt offense requires a minimum term of thirty days imprisonment. N.J.S.A. 2C:25-30. The issuing court may also impose a number of other wide-reaching sanctions impairing a defendant's interest in liberty and freedom in order "to prevent further abuse." N.J.S.A. 2C:25-29(b).
>
> [Peterson, 374 N.J. Super. at 124.]

Domestic violence is a civil offense, and defendants are not entitled to the full criminal procedural protections. J.D., 207 N.J. at 474; see also D.N. v. K.M., 429 N.J. Super. 592, 606 (App. Div. 2013) (noting that despite the "serious consequences accompanying a finding of domestic violence," indigent parties in an FRO hearing are not entitled to appointed counsel). Nonetheless, due process allows litigants a meaningful opportunity to defend against a complaint in domestic violence matters, which would include the opportunity to seek legal representation, if requested. Franklin, 385 N.J. Super. at 540-41. "[E]nsuring that defendants are not deprived of their due process rights [in a domestic violence matter] requires our trial courts to recognize both what those

rights are and how they can be protected consistent with the protective goals of the [PDVA]." J.D., 207 N.J. at 479.

Guided by these principles, we conclude that the court mistakenly applied its discretion in proceeding with the FRO hearing without defendant having notice and the opportunity to participate in the FRO hearing. That error resulted in a violation of defendant's due process rights.

In light of these conclusions, we reverse and remand for a new hearing consistent with this opinion. Because the due process violation is sufficient to warrant a new hearing, we do not address the laches claims raised by defendant.

On remand, the case should be assigned to another judge. R. 1:12-1(d); Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2018) ("[A] matter remanded after appeal for a new trial should be assigned to a different trial judge if the first judge had, during the original trial, expressed conclusions regarding witness credibility."). Accordingly, the FRO entered by the trial court is reversed and the TRO is reinstated pending adjudication of plaintiff's application for an FRO.

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3121-24